[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR DISCHARGE OF MECHANIC'S LIEN
The court has before it an application to discharge a mechanic's lien filed by the plaintiff Connecticut Post Limited partnership against Paul L. Szewczyk Excavating, Inc. The lien was CT Page 9449 placed upon the property of the plaintiff in Milford known as Connecticut Post Mall.
The defendant entered into a contract with the plaintiff to do certain excavating work on the Connecticut Post Mall property and alleges that he has performed the excavation work in a manner beneficial to the site and the owner thereof. He further alleges that he is owed the sum of $25,660.00 plus a retainage of $2,100.00 for a total amount of $27,760.00.
The contract price is in the amount of $22,366.00. A change order was executed by both parties in the amount of $4,043.00. While the contract required that for any extras there be a written change order, the defendant claims that he performed certain extras upon the oral request of the plaintiff's superintendent.
While the plaintiff alleges the amount due to be $27,760.00, the contract price plus the amount of the written change order totals $26,760.00. Thus, the amount which appears to be in dispute is $1,350.00. At the time of the hearing the evidence indicated that the plaintiff has paid approximately $20,000.00 to the defendant which would indicate to the court that the lien is substantially in excess of any amount due.
The plaintiff claims that there is a provision in the contract (Exhibit 1, Section 21) wherein the defendant has waived his right to a mechanic's lien. Section 21 of the contract is X'd out and initialed by P.L.S., the initials of the defendant Paul L. Szewczyk. Mr. Szewczyk acknowledges that he did in fact cross out said paragraph and initialed the same on November 1, 1990 and returned the same to the plaintiff for his signature. The contract was returned December 17, 1990 with the plaintiff's signature but nothing was said or done as to the X'd out paragraph.
The contract was negotiated with the assistance of Mr. Guy Russo. Mr. Russo testified that he told the defendant to delete the paragraph from the contract and that he informed the contractor prior to all parties signing the same. He in fact witnessed the crossing out of paragraph 21 and in fact informed the contractor of same. While the contract as executed did not disclose any initialing of the deleted paragraph by the plaintiff it was nevertheless executed by them with the full knowledge that the defendant was not agreeing to any contract with that particular clause inserted. The court therefore finds that there was no waiver of any lien rights on the part of the defendant.
Furthermore, the arbitration clause of the contract (Exhibit 1, Par. 22) does not nullify any mechanic's lien right that the defendant might be entitled to. The mechanic's lien statute merely gives to one who, by furnishing services under a contract with the CT Page 9450 owner of land, has added to its value a substantial security to his proper remuneration. New Haven Orphanage Asylum v. Haggerty Co.,109 Conn. 232, 238 (1928). Should the defendant sustain his claim at arbitration he would then have available the liened property from which he would be able to satisfy any award.
While the court is of the opinion that the mechanic's lien is valid, it is also of the opinion that since the defendant has been paid the approximate sum of $20,000.00 the amount of the lien is excessive. It is therefore reduced to $10,000.00.
The Court By Curran, J.